UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                    Case No: 8:17-cv-2267-T-30JSS

$60,982.94 SEIZED FROM TWO
CHICAGOLAND MOTORSPORTS
GROUP, INC. FINANCIAL ACCOUNTS,

    Defendant.
_____/

## **ORDER**

THIS MATTER is before the Court on the United States' Motion to Compel ("Motion"). (Dkt. 21.) Upon consideration and for the reasons explained below, the Motion is granted.

## **BACKGROUND**

On September 28, 2017, the Government filed its Verified Complaint for Forfeiture *in Rem* for $42,118.13 seized from MB Financial Bank, N.A. and $18,864.81 seized from Beverly Bank and Trust, N.A. pursuant to 18 U.S.C. § 981(a)(1)(C). (Dkt. 1.) On December 12, 2017, Claimant Chicagoland Motorsports Group, Inc. ("Chicagoland") filed its Amended Verified Claim for Seized Property for the $60,982.94 seized funds. (Dkt. 17.) On December 14, 2017, the Government served its First Set of Interrogatories, First Requests for Production, and First Requests for Admission on Chicagoland. (Dkt. 21-1.) On January 22, 2018, the Government contacted counsel for Chicagoland to inquire as to the overdue discovery responses. (Dkt. 21-2.) On March 5, 2018, after Chicagoland failed to respond to the discovery requests, the Government filed its Motion. (Dkt. 21.) Chicagoland's response to the Motion was due March 19, 2018. When Chicagoland did not file a response by that date, the Court ordered it to file a response on or before

April 3, 2018 and advised Chicagoland that failure to respond would result in the Court considering the Motion unopposed. (Dkt. 23.) To date, Chicagoland has failed to file a response to the Motion.

## APPLICABLE STANDARDS

A party is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). The term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). The court has broad discretion in managing pretrial discovery matters and in deciding to compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

## ANALYSIS

Despite the Court's Order directing Chicagoland to respond to the Motion by April 3, 2018, Chicagoland has failed to file a response. Consequently, the Court presumes Chicagoland has no objection to the Government's Motion. *See* M.D. Fla. Local R. 3.01(b). Further, all litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," regardless of whether the litigant is represented by an attorney. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). The Eleventh Circuit requires pro se litigants to "conform to procedural

rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). Accordingly, it is

**ORDERED**:

1. The United States' Motion to Compel (Dkt. 21) is **GRANTED**.

2. Chicagoland Motorsports Group, Inc. shall serve its discovery responses and produce all documents responsive to the Government's discovery requests in accordance with this Order within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, on April 5, 2018.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party