UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                       Case No: 8:17-cv-2267-T-30JSS

$60,982.94 SEIZED FROM TWO
CHICAGOLAND MOTORSPORTS
GROUP, INC. FINANCIAL ACCOUNTS,

    Defendant.
_____/

## **ORDER**

THIS MATTER is before the Court on the United States' Motion for Sanctions ("Motion"). (Dkt. 25.) For the foregoing reasons, the Motion is granted in part and denied in part.

## **BACKGROUND**

On September 28, 2017, the Government filed its Verified Complaint for Forfeiture *in Rem* for $42,118.13 seized from MB Financial Bank, N.A. and $18,864.81 seized from Beverly Bank and Trust, N.A. pursuant to 18 U.S.C. § 981(a)(1)(C). (Dkt. 1.) On December 12, 2017, Claimant Chicagoland Motorsports Group, Inc. ("Chicagoland") filed its Amended Verified Claim for Seized Property for the $60,982.94 seized funds. (Dkt. 17.) On December 14, 2017, the Government served its First Set of Interrogatories, First Request for Production, and Request for Admissions on Chicagoland. (Dkt. 21-1.) On January 22, 2018, the Government contacted counsel for Chicagoland to inquire as to the overdue discovery responses. (Dkt. 21-2.) On March 5, 2018, after Chicagoland failed to respond to the discovery requests, the Government filed its Motion to Compel. (Dkt. 21.) On March 8, 2018, counsel for Chicagoland withdrew. (Dkts. 20, 22.) Chicagoland subsequently failed to respond to the Motion to Compel. (See Dkt. 23.)

Consequently, on April 5, 2018, the Court granted the Government's Motion to Compel and ordered Chicagoland to serve its discovery responses and produce all responsive documents by April 19, 2017 ("April 5 Order"). (Dkt. 24.) On May 2, 2018, the Government filed its Motion, stating Chicagoland failed to comply with the Court's April 5 Order and has yet to respond to the discovery requests. (Dkt. 25.) The Government now seeks sanctions against Chicagoland for its violation of the April 5 Order. (*Id.*) Specifically, the Government requests the Court strike Chicagoland's claim for the seized funds. (*Id.*)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 37(b)(2) grants the court broad authority in sanctioning a party for failure to comply with a court order to provide discovery, including striking pleadings and dismissing an action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A); *Gratton v. Great Am. Commc'n*, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court may also treat "as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(vii). District courts have broad discretion to fashion appropriate sanctions for violations of discovery orders. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). However, because dismissal of an action is a drastic sanction, a district court may implement it only as a last resort, when a party's failure to comply with a court order is a result of willfulness or bad faith and lesser sanctions would not suffice. *United States v. One 32' Scorpion Go-Fast Vessel*, 339 Fed. Appx. 903, 905 (11th Cir. 2009); *Malautea*, 987 F.2d at 1542. These principles apply with equal force to pro se parties. *Zow v. Regions Fin. Corp.*, 595 F. App'x 887, 889 (11th Cir. 2014); *see also Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 350–51 (11th Cir. 2009) (finding that district court did not abuse its discretion in dismissing pro se plaintiff's case with prejudice for failure to comply with her discovery obligation, the procedural

rules applicable to her case, and the court's discovery order, pursuant to Rule 37(b)(2)(A) and Rule 41(b)).

Further, under Rule 37(b)(2)(C), if a party "fails to obey an order to provide or permit discovery," "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citing Rule 37(b)(2)(C) and explaining that the "district court has broad discretion to control discovery," including "the ability to impose sanctions on uncooperative litigants"). However, sanctions are not generally warranted where a party has shown that it made all reasonable efforts to comply with the court's order. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1050 (11th Cir. 1994).

**ANALYSIS**

In its Motion, the Government argues that Chicagoland failed to comply with the April 5 Order because it did not provide its discovery responses by the Court's April 19, 2018 deadline. (Dkt. 25 at 5.) The Government asserts that dismissal of Chicagoland's claim is appropriate because Chicagoland's actions were willful and in bad faith. (*Id*. at 6.) Specifically, the Government contends that Chicagoland's former counsel confirmed that Chicagoland was aware of its discovery obligations, yet refused to comply with its obligations. (*Id*.) The Government further argues that it is prejudiced by Chicagoland's actions because the discovery deadline is June 29, 2018, and the Government planned to conduct additional discovery after receiving Chicagoland's initial discovery responses. (*Id*.) Chicagoland has failed to respond to the Motion.

Nonetheless, the Court finds that striking Chicagoland's claim is not warranted at this time under the circumstances, as the parties are still within the discovery period designated by the Case

Management and Scheduling Order (Dkt. 19) and lesser sanctions are sufficient to address Chicagoland's conduct and the resulting prejudice to the Government. First, because Chicagoland failed to respond to the Government's Requests for Admissions, the unanswered requests are deemed admitted pursuant to Federal Rule of Civil Procedure 36(a). Fed. R. Civ. P. 36(a)(3); *see Perez v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2002) (finding if a party fails to respond to a request for admission within thirty days, the matter is admitted and conclusively established). Second, pursuant to Rule 37(b)(2)(C), if a party "fails to obey an order to provide or permit discovery," "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see Phipps*, 8 F.3d at 790 (citing Rule 37(b)(2)(C) and explaining that the "district court has broad discretion to control discovery," including "the ability to impose sanctions on uncooperative litigants"). Without a response to the Motion from Chicagoland, it appears that Chicagoland's failure to comply with the April 5 Order was not substantially justified, nor are there other circumstances making an award of the Government's reasonable expenses, including attorney's fees, unjust. Thus, an award of attorney's fees is warranted.

Chicagoland is reminded that if it fails to participate in the litigation, further sanctions may be warranted. Rule 37 outlines numerous sanctions the court may impose against uncooperative parties for the failure to comply with a court order or the failure to provide responses to discovery. Fed. R .Civ. P. 37(b)(2)(A)(i–vii); *see also In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006) (providing that "[f]ederal courts have the inherent power to impose sanctions on parties, lawyers, or both" when a party delays or disrupts the litigation). Possible sanctions include striking pleadings, dismissing the action, prohibiting the disobedient party from supporting or

opposing designated claims or defenses, or from introducing designated matters into evidence, or awarding attorney's fees and costs to the moving party. Fed. R. Civ. P. 37(b)(2), (d); *Goodman-Gable-Gould Co. v. Tiara Condo. Ass'n, Inc.*, 595 F.3d 1203, 1211 (11th Cir. 2010) (finding that district court did not abuse its discretion in excluding evidence a party sought to introduce at trial based on party's discovery violations); *Smith*, 350 F. App'x at 350–51 (11th Cir. 2009) (affirming dismissal of pro se plaintiff's case with prejudice as "Rule 37 permits the district court to dismiss an action for failure to cooperate during discovery or failure to comply with a court order"); *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982) ("When a party demonstrates a flagrant disregard for the court and the discovery process, however, dismissal is not an abuse of discretion."); *McDaniel v. Bradshaw*, No. 10-81082-CIV, 2011 WL 2470519, at *3 (S.D. Fla. June 20, 2011), *aff'd sub nom.*, *McDaniel v. Sheriff of Palm Beach Cty.*, 491 F. App'x 981 (11th Cir. 2012) (precluding plaintiff from introducing any documents that the Court required him to produce and which were not produced by the court-ordered date for production).

Accordingly, it is **ORDERED**:

1. The United States' Motion for Sanctions (Dkt. 25) is **GRANTED** in part and **DENIED** in part.

2. The United States' Requests for Admissions served upon Claimant Chicagoland Motorsports Group, Inc. on December 14, 2017 are deemed admitted.

3. The United States is awarded its reasonable attorney's fees and costs incurred in bringing its Motion for Sanctions (Dkt. 25), which shall be paid by Claimant Chicagoland Motorsports Group, Inc.

4. The United States' Motion is denied without prejudice with respect to its request to strike Claimant Chicagoland Motorsports Group, Inc.'s claim.

5. Claimant Chicagoland Motorsports Group, Inc. is ordered to comply in good faith with the Federal Rules of Civil Procedure, the Local Rules of Court, and orders of this Court in the future or suffer further sanctions which may include dismissal of its claim with prejudice.

**DONE** and **ORDERED** in Tampa, Florida, on May 30, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party