UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                     Case No: 8:17-cv-2267-T-30JSS

$60,982.94 SEIZED FROM TWO
CHICAGOLAND MOTORSPORTS
GROUP, INC. FINANCIAL ACCOUNTS,

     Defendant.

_____/

## AMENDED REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the United States' Motion to Strike Claim ("Motion to Strike") (Dkt. 29), Chicagoland Motorsports Group, Inc.'s Motion for Extension of Time to Complete Discovery (Dkt. 31), and the United States' Motion to Strike Chicagoland's extension request (Dkt. 32).  For the reasons that follow, the Court recommends that the United States' Motions be granted.[1]

## BACKGROUND

On September 28, 2017, the Government filed its Verified Complaint for Forfeiture *in Rem* for $42,118.13 seized from MB Financial Bank, N.A. and $18,864.81 seized from Beverly Bank and Trust, N.A. pursuant to 18 U.S.C. § 981(a)(1)(C).  (Dkt. 1.)  On December 12, 2017, Claimant Chicagoland Motorsports Group, Inc. ("Chicagoland") filed its Amended Verified Claim for Seized Property for the $60,982.94 in seized funds.  (Dkt. 17.)  The Court then filed its Case

---

[1] The undersigned amends the previous Report and Recommendation (Dkt. 33) to clarify the recipient of Chicagoland's Answer to Second Request for Admissions on page four.

Management and Scheduling Order, setting a discovery deadline of June 29, 2018, dispositive motion deadline of July 16, 2018, and trial term of November 2018. (Dkt. 19.)

On December 14, 2017, the Government served its First Set of Interrogatories, First Request for Production, and Request for Admissions on Chicagoland. (Dkt. 21-1.) On March 5, 2018, after Chicagoland failed to respond to the discovery requests, the Government filed its Motion to Compel. (Dkt. 21.) On March 8, 2018, counsel for Chicagoland withdrew. (Dkts. 20, 22.) Chicagoland subsequently failed to respond to the Motion to Compel. (*See* Dkt. 23.) Consequently, on April 5, 2018, the Court granted the Government's Motion to Compel and ordered Chicagoland to serve its discovery responses and produce all responsive documents by April 19, 2017 ("April 5 Order"). (Dkts. 23–24.)

After Chicagoland failed to comply with the April 5 Order and failed to respond to the discovery requests, the Government filed a Motion for Sanctions. (Dkt. 25.) The Government requested that the Court strike Chicagoland's claim for the seized funds and grant the Government attorney's fees associated with the preparation of its Motion for Sanctions. (*Id.*) On May 30, 2018, the Court granted in part and denied in part the Government's Motion for Sanctions. (Dkt. 27.) Specifically, the Court declined to dismiss Chicagoland's claim as the parties were still within the discovery period. (*Id.*) As a lesser sanction to address Chicagoland's conduct, the Court deemed the Government's first Request for Admissions admitted and granted the Government's request for attorney's fees. (*Id.*) Further, the Court explicitly reminded Chicagoland that failure to comply with the Federal Rules of Civil Procedure, the Local Rules of the Court, and the Court's orders may warrant further sanctions, such as dismissal of its claim with prejudice. (*Id.*)

On June 1, 2018, the Government served its Second Request for Admissions on Chicagoland. (Dkt. 29-1.) On June 29, 2018—the date of the discovery deadline—Chicagoland

mailed its response to the Government's Second Request for Admissions to the Court, which was subsequently filed on July 2, 2018. (Dkts. 28, 28-1.)

The Government now asks the Court to strike Chicagoland's Amended Verified Claim. (Dkt. 29.) The Government states that it has not received Chicagoland's responses to the First Set of Interrogatories and First Request for Production. (*Id.*) The Government argues that lesser sanctions have proved ineffective in obtaining Chicagoland's participation in this litigation and that Chicagoland's disregard for its obligations has prejudiced the Government. (*Id.* at 5–6.) On July 27, 2018, the Court ordered Chicagoland to respond to the Motion to Strike within ten days and advised Chicagoland that failure to respond would result in the Court considering the Motion to Strike unopposed. (Dkt. 30.) Chicagoland sent the Court a letter requesting additional time to respond to discovery, stating that it requested documents from its former counsel to comply with the Court's orders. (Dkt. 31.) Chicagoland also stated that it met with an attorney on August 1, 2018, but was informed that it needed a lawyer licensed in Florida. (*Id.*)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 37(b)(2) permits the court broad authority in sanctioning a party for failure to comply with a court order to provide discovery, including dismissing an action with prejudice. Fed. R. Civ. P. 37(b)(2)(A); *Gratton v. Great Am. Commc'n*, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court may also treat "as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(vii). District courts have broad discretion to fashion appropriate sanctions for violations of discovery orders. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). However, because dismissal of an action is a drastic sanction, a district court may implement it only as a last resort, when a party's failure to comply with a court order is a result of willfulness or bad faith and

lesser sanctions would not suffice. *United States v. One 32' Scorpion Go-Fast Vessel*, 339 F. App'x. 903, 905 (11th Cir. 2009); *Malautea*, 987 F.2d at 1542. These principles apply with equal force to pro se parties. *Zow v. Regions Fin. Corp.*, 595 F. App'x 887, 889 (11th Cir. 2014); *see also Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 350–51 (11th Cir. 2009) (finding that district court did not abuse its discretion in dismissing pro se plaintiff's case with prejudice for failure to comply with her discovery obligation, the procedural rules applicable to her case, and the court's discovery order, pursuant to Rule 37(b)(2)(A) and Rule 41(b)).

## ANALYSIS

In its Motion to Strike, the Government argues that Chicagoland has failed to comply with two Orders from this Court (Dkts. 24, 27) and completely failed to comply with its obligation to respond to the Government's interrogatories and requests for production. (Dkt. 29 at 5.) The Government asserts that dismissal of Chicagoland's claim is appropriate because of Chicagoland's continued failure to comply with its discovery obligations, the rules of this Court, and this Court's orders. (*Id.* at 4.) Further, the Government contends that dismissal is warranted because discovery has concluded and Chicagoland failed to respond to the Government's discovery requests. (*Id.* at 5.)

Chicagoland requests an extension to comply with the Government's discovery requests and states that it is seeking representation. (Dkt. 31.) However, Chicagoland failed to comply with its discovery obligations and provides no justification for its nonfeasance despite being given multiple opportunities by the Court. (*See* Dkts. 24, 27.) Chicagoland's limited participation in discovery amounts to its Answer to Second Request for Admissions (Dkt. 28-1), which was mailed to the Court for filing on the discovery deadline in violation of the Court's Local Rule prohibiting the filing of discovery. M.D. Fla. Local R. 3.03(d) (stating responses to requests for admissions

"shall not be filed with the Court as a matter of course").  Further, Chicagoland was advised it needed to retain new representation in March but chose to wait until August to meet with an attorney after the discovery and dispositive motion deadlines had passed.  (Dkts. 19, 22.) Moreover, as the Government points out (Dkt. 32), the Court advised Chicagoland in its Order granting defense counsel's Motion to Withdraw as Counsel of Record (Dkt. 22) that corporate entities may appear and be heard only through counsel admitted to practice in this Court.  *See* M.D. Fla. Local R. 2.03(e).  Thus, Chicagoland's Motion for Extension of Time to Complete Discovery (Dkt. 31) is improper.

Additionally, lesser sanctions have been ineffective in compelling Chicagoland to comply with its discovery obligations.  The Court declined to dismiss Chicagoland's claim in its Order on the Government's Motion for Sanctions but deemed its first answers to Request for Admissions admitted and awarded the Government attorney's fees.  (Dkt. 27 at 5.)  The Court also warned Chicagoland that its claim could be dismissed if it did not comply with the Rules and the Court's Orders.  (*Id*. at 6.)  Chicagoland had sufficient notice that failure to cooperate in discovery could result in dismissal of its claim.  Nevertheless, Chicagoland failed to comply with this Court's Orders and has not presented any evidence of an inability to comply.

Chicagoland's continued failure to participate in discovery and comply with the Court's Order demonstrates a willful disregard for the discovery process and the Court.  *See Smith*, 350 F. App'x at 351 (finding pro se plaintiff showed flagrant disregard of the court and discovery process when she refused to cooperate during the discovery process and failed to comply with the Rules); *Malautea*, 987 F.2d at 1542 (affirming district court's finding of willfulness when the defendants failed to comply with court orders and showed no evidence of an inability to comply). Consequently, the Government's Motion to Strike should be granted.  *See Smith*, 350 F. App'x at

351 (affirming district court's finding that "no lesser sanction than dismissal was appropriate" when the plaintiff continued to disregard her litigation obligations after being previously sanctioned); *One 32' Scorpion Go-Fast*, 339 F. App'x at 905–06 (affirming district court's dismissal of a forfeiture claim when the claimant willfully violated an order to produce discovery).

Accordingly, it is **RECOMMENDED**:

1. The United States' Motion to Strike (Dkt. 29) be **GRANTED** and the Amended Verified Claim of Chicagoland (Dkt. 17) be **DISMISSED** with prejudice.

2. Chicagoland Motorsports Group, Inc.'s Motion for Extension of Time to Complete Discovery (Dkt. 31) be **STRICKEN**.

3. The United States' Motion to Strike Chicagoland's extension request (Dkt. 32) be **GRANTED**.

**IT IS SO REPORTED** in Tampa, Florida, on August 29, 2018.


JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable James S. Moody, Jr.
Counsel of Record